**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

James E. Harmon, Jr.,

    Plaintiff,

v.                               Case No. 1:06cv077

Sharefax Credit Union, et al.,            Judge Michael R. Barrett

    Defendants.

## ORDER

This matter is before the Court on the Magistrate Judge's Report and Recommendation filed November 14, 2006 (Doc. 18).

Proper notice has been given to the parties under 28 U.S.C. § 636(b)(1)(C), including notice that the parties would waive further appeal if they failed to file objections to the Report and Recommendation in a timely manner. See *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). No objections to the Magistrate Judge's Report and Recommendation have been filed.

Having reviewed this matter *de novo* pursuant to 28 U.S.C. § 636, the Court finds the Magistrate Judge's Report and Recommendation to be correct. However, as a point of clarification, the Court notes that the Supreme Court has recently clarified the scope of the *Rooker-Feldman* doctrine in *Exxon Mobil Corp v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005). In *Exxon*, the Supreme Court implicitly repudiated the post-*Feldman* use of the phrase "inextricably intertwined" to extend *Rooker-Feldman* to situations where the source of the injury was not the state court judgment. *McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir. 2006).

The Sixth Circuit has explained that the key inquiry in determining whether a claim

falls within the scope of the *Rooker-Feldman* doctrine is the source of the injury which the plaintiff alleges in his or her federal complaint:

> If the source of the injury is the state court decision, then the *Rooker-Feldman* doctrine would prevent the district court from asserting jurisdiction. If there is some other source of injury, such as a third party's actions, then the plaintiff asserts an independent claim.

*McCormick*, 451 F.3d at 393. Here, Plaintiff alleges that "the judgment was obtained with falsified and fraudulent bank statements and perjured testimony supplied by H. Toby Schisler and Aaron Jackson, Sharefax's agent." (Doc. 1) Therefore, to the extent that Plaintiff claims that the source of his alleged injury is the actions taken by Defendants Sharefax and Dinsmore before the entry of the decree, Plaintiff's claim is not barred by *Rooker-Feldman*. *Accord Brown v. First Nationwide Mortg. Corp.*, 2006 WL 3289232, *4 (6th Cir. Nov. 9, 2006) (unpublished).

Nevertheless, even if this Court does have jurisdiction over Plaintiff's section 1983 claim, as the Magistrate recommended, this claim should be dismissed because Plaintiff has failed to state a claim upon which relief can be granted.

Accordingly, it is **ORDERED** that the Report and Recommendation of the Magistrate Judge is hereby **ADOPTED**. Defendants' Motions to Dismiss (Docs. 7, 8, 11, and 13) are **GRANTED**. Plaintiff's state law claims are dismissed without prejudice. This action is closed.

**IT IS SO ORDERED.**

Michael R. Barrett, Judge
United States District Court

2